It's undisputed in this case that the District Court erred by finding that South Dakota sexual contact with a child qualifies as a crime of violence under the sentencing guidelines. The government agrees that the South Dakota statute is not a crime of violence because it includes any touching whether or not through the clothing. The government also agrees that the error affected Mr. Cardona's substantial rights because without the error there's a reasonable probability that he would have received a lower sentence. The first contested issue is whether the error was plain. An error is plain if it's a reasonable dispute. Here there's no dispute that the South Dakota statute is overbroad in two ways. First the statute clearly doesn't have force as an element and second the statute clearly covers conduct that's excluded from the definition of forcible sex offense. For the force clause it's well established from Supreme Court decisions in Curtis, that's capable of causing physical pain or injury but the South Dakota statute is violated by any touching. Several cases have recognized that similar statutes don't have force as an element. This court's Rosas-Pudila case dealt with a Minnesota statute that prohibited unwanted touching and pinching and the court held that it didn't have force as an element. Also this is the government's argument not so much on whether there was error as you are acknowledging uh that's on whether it's plain. What do you say is necessary for us to examine in order to determine that it's error? How many documents and statutes and guidelines do we have to look at? There's an array mentioned in the government's brief. What do you say is the list of things that would tell us that this is error? It does take several steps uh to follow all the cross references but this court in Guillen-Cruz had to had to follow a maze of statutes and regulations and still found that the error in that case was plain because the all of following all of those steps led to the conclusion that the statute at issue was clearly criminalized conduct that was outside of those definitions. So it took the court about 2,000 words in that case to describe the error but the error was still plain because each step of the way the definitions were clear and the over breadth of the state statute was clear. That also was the situation in Urbina-Fuentes which was another categorical approach case. In that case it took about 1,400 or more words to explain the error that's excluding footnotes. The categorical approach is complicated but errors can still be plain under the categorical approach if following that required analysis leads to the unmistakable conclusion that the state statute is over broad and that is what we have in this case. The it's over broad because it clearly covers touching through the clothing and that once you follow all those cross references the definition of forcible sex offense that's adopted in the guidelines clearly excludes intentional touching through the clothing. The state law at issue here is about underaged sexual contact right? Right. So I presume all those statutes I assume you would agree that they're premised on a notion that children are not able to consent. Correct. In particular are not able to consent to sexual contact. Correct. I suppose an argument could be made I'm not saying it's devastating and it might be a stretch but an argument could be made that when you have contact with somebody who cannot consent that that is essentially the use of force. Is that a I'm sure you think that's wrong I probably think that's wrong as well but is that a crazy argument? That is incorrect under this court's case in Rosales Orozco the court considered a Pennsylvania statute that involves sexual intercourse that could be through deceit or um just uh deceit or incapacitation and in that case the court held that the statute did not involve physical force in the Curtis Johnson sense which requires a violent physical force capable of causing pain or or um physical pain or violence. Slightly different context but you would say that the same principles apply here. Yes so if the reason the lack of consent does not make it forceful it's illegal for a different reason but it's not illegal because it's violent physical force and in this case the government hasn't made that argument um it's clear from this statute and from cases. There's also the Williams case out of the seventh circuit in that case the court considered an Illinois aggravated criminal abuse statute and held that there was no physical force requirement in that case when it covered any touching similar to this case. There's also this court's case in Flores Lopez which involved a similar statute it was a Nebraska statute in that case and and the it involved children as well and in that case the on all four prongs of plain error review and filed a motion for summary remand and it can the government conceded that the statute didn't have force as an element and also was overbroad for the same reason of including touching through the clothing and the court didn't issue an opinion in that case because the court granted the government's motion for summary remand. And even though there isn't a an exact statute in this an exact case in this circuit on this statute again many cases have recognized the exact overbreadth problem. I already mentioned the Williams case which also said that it was overbroad for the clothing issue. There's also the Geesewine case out of the 10th circuit that considered an Oklahoma lewd molestation statute and in that case again we had the same issues of no force being involved under the Curtis Johnson sense and no and an overbreadth problem with clothing versus no clothing. So they're all the cases that are out there do point in the same direction which is another reason why the error is plain in this case like it was in Urbina Fuentes where this court hadn't considered the cases from other circuits that all pointed in the same direction. The government agrees on the third prong that this error affected Mr. Cardona Garcia's substantial rights. The government does dispute the fourth prong but the court should correct this error in this case because it falls squarely within Rosales-Morales. In Rosales-Morales there was an overlap between the correct and incorrect guidelines and the district court originally sentenced the defendant to a sentence that fell within both of those guidelines range and the court held that the fourth prong was satisfied in that case. The court in Rosales-Morales also said that substantive reasonableness is a separate inquiry from the fourth prong analysis and the court said that criminal history is not a reason for this court to deny relief on the fourth prong. That's something for the district court to consider along with the correct guidelines range on a on a remand for resentencing but it's not a reason for this court to not have the district court redo the sentencing with the correct guidelines range. Do you have anything to address on the cases or authorities that the government submitted on their 28-J letter on the fourth prong? Yes, in Fuentes-Canelas the court had a unusual record before it where it did allow the court to determine what the Texas jury had necessarily found in that case when it convicted the defendant for the prior offense which we don't have in this case. In Fuentes-Canelas it was also a close call in the third prong. The district court in that case said a lot more about why it was imposing the sentence and particularly emphasized the defendant's serious criminal history. In this case the district court just said what the guideline the incorrect higher guidelines range was and then said it was imposing the sentence within the guidelines satisfies the sentencing factors. The court also didn't impose a sentence at the high end of the guidelines range. It was 27 months out of a range of up to 30 months and you know Mr. Cardona-Garcia would still receive a 10-level enhancement for his prior convictions if it were sent back which is a big driver of the guidelines range. It's zero to six months without the 10-level enhancement but it will be it would be 21 to 27 months without the error in this case. But also Fuentes-Canelas conflicts with Rosales-Morales. Rosales-Morales said the criminal history is not a reason to deny relief on the fourth prong. The dissent in Rosales-Morales explained the defendant's criminal history in that case including multiple assaults against family members and the fact that the defendant had returned to the United States illegally many times or at least multiple times and the majority in Rosales-Morales said that criminal history was not a reason to deny relief on the fourth prong. There's also this court's earlier case in Sanchez-Artvizu. In that case it was a 16-level crime of violence enhancement for Texas indecency with a child and the court granted relief in that case on the fourth prong and recognized that Rosales-Morales had said that criminal history is not a reason to deny relief. As far as the other case the government cited in this 2128 letter the Forbito case that is an unpublished case where the entire fourth prong analysis is in a footnote. The decision never cites Rosales-Morales at all and the first reason that the court gave for denying relief on the fourth prong if it were to reach that issue was that there actually was no error in that case because the court had found that under the third prong there was not a reasonable probability of a lower sentence on remand. Here the government has on the third prong that there is a reasonable probability of a lower sentence on remand. Also the other reasons that the court gave in Forbito do conflict with Rosales-Morales as well. In Rosales-Morales the defendant faced a statutory maximum of 20 years. That was not a countervailing factor in that case and also the court as I said was facing a situation where the defendant had committed assaultive behavior in the past and the Supreme Court said that that was not a reason to deny relief on the fourth prong. As far as the Mims case that case arose in the supervised release context and the court in a footnote did distinguish Rosales-Morales on that basis explaining that in Rosales-Morales the court didn't have before it a defendant who had violated numerous conditions of supervised release in an effort to return to prior criminal behavior and in this case we have a very similar situation to what happened in Rosales-Morales. There was a mistake in the guidelines. There's a reasonable probability of a lower sentence on remand and the court should grant relief on the fourth prong. I think it's agreed that there's no best case for the proposition that the text alone is enough to to establish that this was not just error but obvious and clear. It's not just text alone because I also did cite many cases in my brief including the Williams case which found the error to be plain on that statute with the same overbreath problems and the 10th circuit decision in Geesewine. Was your view that text alone would not be enough? You have to have at least out-of-circuit precedent. Text could be alone. That was enough in Guillen-Cruz so it could be in some case but I don't have to make that argument or win that argument in this case because I do have. But I am curious would text alone? Yeah it could be. It absolutely could be. What case you did? Again, Guillen-Cruz there was no case and the court in Guillen-Cruz recognized that it actually was the first case that was considering whether this munitions list exporting of arms statute had qualified as an aggravated felony and no other court had considered that question but the court still found there to be plain error because following all the steps of the cross-references and the maze of statutes and regulations led to the conclusion that the yes and if the court has no further questions at the time I have some time for rebuttal. Thank you. May it please the court. Good morning. Renata Gowie for the United States. I'd like to start by explaining why this court should affirm under the fourth prong of plain error review. In Rosales-Merillus, the Supreme Court recognized that the analysis under the fourth prong is a case-specific and fact-intensive inquiry and that there might be countervailing factors that warrant affirmance. Now in footnote five of the majority opinion, the court did recognize that a defendant's general criminal history is not relevant to the fourth prong analysis. That was in response to the dissent's discussion of the defendant's extensive criminal history and recidivism. Rosales-Merillus does not prohibit the limited consideration under the fourth prong of the underlying facts of a conviction that was erroneously determined to be a crime of violence and that's clear from Fuentes-Canales cited in my 28J letter. The error in Rosales-Merillus involved double counting of a conviction. It did not involve an erroneous crime of violence determination such as Fuentes-Canales and this case. In Fuentes-Canales, the error in the crime of violence determination was a burglary conviction. This court looked to the undisputed facts in the pre-sentence report and determined that the defendant's actual conduct was as serious if not more serious than a generic burglary conviction and the facts there showed aggravated assault and or burglary. Similarly in this case, when we look to the facts in the pre-sentence report that are undisputed and that's PSR paragraph 24 which is at page 167 and 168 of the record, those undisputed facts show that Cardona-Garcia's actual conduct is as serious if not more serious than a generic forcible sex offense. A generic forcible sex involving a child would be intentional touching of the genitalia not through clothing. The undisputed facts here show that over 100 times in a span of five years, starting when the child was 10 years old, Cardona-Garcia had sexual intercourse with his stepdaughter, rubbed his penis on her vagina, touched and rubbed her vagina with his fingers, and had her touch his penis. Cardona-Garcia admitted the sexual abuse at the time of the offense when he was interviewed by police and he had the temerity to blame it on the child. Under these undisputed and admitted heinous facts, Cardona-Garcia's 27-month sentence which would be imposed in the mine run of cases involving a generic forcible sex offense does not seriously affect the fairness, integrity, and public reputation of judicial proceedings. In fact, the opposite is true. If this court were to vacate the judgment, a reasonable person would have a diminished view of the integrity of the judicial system. In addition to the undisputed facts, I asked you about the support of case law. You mentioned Fuentes, I think. Is that the case that supports doing this? Fuentes' case? Fuentes-Canel is cited in my 28-J letter. Is there any other authority? I mean, it comes up late. It comes up in a 28-J. I'm just wondering how much of an outlier that case is. Not that one good case that's authority for this court is not enough, but is there any other authority that has allowed this? I think it's not so much an outlier as we go back to what was said in Rosales-Merillis, and that is that it's a case-specific and fact-intensive inquiry. We have to look at each case based on its unique facts. Admittedly, in Rosales-Merillis, the court did say that ordinarily when the third prong is met, the fourth prong is going to be met in the guideline context. In most cases, the fourth prong, when there's a guideline error, may not be met or might not warrant affirmance, but certainly here, which is a lot like Fuentes-Canel, where we have not just undisputed facts, unchallenged facts in the pre-sentence report, but actually admission to that conduct at the time of the offense, that that takes it outside of the ordinary context. And everything you're saying comes from the PSR. Yes, and the PSR recited the facts on the offense report that the police had done at the time. But the admissions that he made at the time in South Dakota, those are in the PSR? That is recited in the pre-sentence report. And in Fuentes-Canel, as the court looked to the pre-sentence report that obtained its facts from the affidavit that the police prepared that was attached to the arrest warrant. So that's similar evidence to the offense conduct, the offense report that was used for the offense conduct here. In addition to these facts, the degree of error is insignificant. The disparity between the sentence imposed in the top end of the guideline range is zero. And the sentence of 27 months is well within the statutory maximum of 240 months. In Sanchez-Ovarzu, this court vacated the judgment under the fourth prong because the sentence was actually, I think, twice what the top of the guideline range is. And here, there is no disparity at all. So taking the countervailing factors together of the undisputed and admitted facts of the underlying conviction and the insignificant degree of the error, those facts counsel in favor of the Fergus. Turning to the second prong, there is no clear obvious error because there's no Fifth Circuit precedent on point. And this court has often held that that is dispositive. Isn't that a pretty extreme, though, way of interpreting the case law? We're dealing with a fairly small state, South Dakota. Their offenders may not often be reoffending in one of our three states. It does seem to me that requiring the first case to deal with this South Dakota statute and not the next South Dakota statute that may follow it is a bit of a too high a hurdle. In Rodriguez-Pera, which is cited on page nine of the government's brief, the court determined that there was a guideline error in the meaning of sentence imposed, but that the error was not clear or obvious. The court noted that the path to resolving the issue was, quote, somewhat complicated because they had a definition under 2L1.2 and then they had to look to a cross-reference to 4A1.2. Despite that the guideline showed error, this court held that there was no clear error. There was a prior Fifth Circuit case, Garcia-Rodriguez, that held that there was no plain error. And in Garcia-Rodriguez, they reached that conclusion because there was no Fifth Circuit precedent on point, which just underscores the importance of having Fifth Circuit precedent on point. And here, to respond to Judge Southwick's earlier question to Ms. Shepard about the number of statutes, the determination of error here is a cumbersome multi-step process. It involves five guideline sections and commentaries, four federal statutory sections and subsections, two state statutes, and then, of course, the state court cases and out-of-circuit federal circuit cases. So this is not like a situation where you just look at one guideline, if X, then Y. So for those reasons, there's no... Why isn't it, at least if we're talking about the textual issue, why isn't it just a simple matter of concluding that force is not part of this offense, the state law offense, in any way, shape, or form? There's a line of cases from this court involving not just child sex offenses but also adult sex offenses that have held that the use of force is not an element unless just inherent in the sexual act. The guidelines have recognized that and forcible sex offense includes where consent to the conduct is not given or not legally valid and where the consent to the conduct is involuntary, incompetent, or coerced. So that's for offenses where consent is an issue. Consent is not an element when we have a child sex offense. I think that's the theory that I had floated during opposing counsel's time. She pointed out, I think correctly, that the government... Right. So the government does not argue that simply because... But are you saying that you... What is your position? Granted that you didn't brief it, given that I proposed the question today, what is your thought on the notion that these statutes that involve minors essentially amounts to a lack of consent and the lack of consent essentially amounts to at least a possibility of a force-type argument? I think... I would agree, but I think the Sentencing Commission disagrees with that simply because they've made a distinction in the definition of forcible sex offense between forcible sex offenses involving adults and forcible sex offense involving children, and it does say that... That's on the forcible sex offense problem. Right. We're obviously talking about that. Okay, okay. Of course. Are you saying that the Sentencing Commission's guidelines sort of spill over and that this argument's therefore not available to the government? The reason the Sentencing Commission has forcible sex offense was recognizing the number of cases in which courts have held that the use of force is not inherent in these types of offenses. I think that's because they say that many times these types of offenses can be committed without any force aside from the sexual act. They added that presumably to give the government more tools, not fewer, but I take it your view is what you're fairly conceding is that inclusion sort of is the limit of how far you can go. I think that's correct, and in Houston... It follows up any argument under sub one. In Houston, which is cited in the government's brief, this court had held that Texas indecency with a child, or I think it might have been Texas statutory rape, did not have the use of force because use of force under the force prong requires more than just the sexual act itself. So this really is a prong for argument then that the government's making, at least as far as I'm concerned, because to me text alone in theory could be enough, and I'm not really hearing you making any sort of... I think the text alone could be enough depending on what the guideline is. If it was a simple guideline that just said if this fact, then this consequence, for instance, if you have number of victims, then increase by a certain amount, then it could be clear or obvious. The difference here is that we have to look through all of these different statutes and guidelines to get to that result. Your opponent listed two cases and counted words for us, 2,000 words to get to the conclusion, and 1, 14, and the other, without knowing what all those words were covering. It does sound as if there is case law that says this can be multi-stepped so long as it's clear each step of the way. Is that a fair assessment of the law? I believe in Rodriguez-Pera, which is cited in page 9. The court did find there that it was clear, but then said it was not clear. I'm sorry, that there was error, but that it was not clear or obvious, and they determined that it was clear based on looking at the language in the guideline, but then said that it was not clear or obvious, mainly because there was no Fifth Circuit on point. It does seem to me, though, that at least arguably, even if there are a number of different authorities, guidelines, and cost references, so long as it's plain, so long as even a judge is walking through step-by-step, that can be plain error. Would you say that's the wrong way to look at it? I'm saying that it can be depending on what the guideline is, and I will point out, of course, that if the court were to hold that here as far as the second prong, then the government would ask for affirmance under the fourth prong. Yeah. If there are no other questions, I ask that the court affirm the judgment. All right, counsel. Thank you. May it please the court. In Rodriguez-Para, there was a Fifth Circuit case that was going the other way, and that was why the court found the error not to be plain. In this case, we don't have any cases going the other way. All the cases go and point in one direction, similar to what the court found in Urbina-Fuentes. In Urbina-Fuentes and in Guillen-Cruz, there were many steps involved in the process, because the guidelines and the statutes and the regulations at issue were complex, but once you follow all the steps, the conclusion was clear, and that's what's required under the plainness prong, that there's no reasonable dispute about the outcome of that analysis. Would you respond to the argument that there's a distinction between considering in the fourth prong criminal history and considering the specific event of the offense? Here, the South Dakota offense, so it's not criminal history, it's the facts of the crime that are being used for the enhancement. Is there a distinction there that's been recognized, has been, as was suggested by the government? In Rosales-Morales, the dissent focused on the facts of the defendant's prior criminal history, and the majority rejected that. You say criminal history. I'm saying the offense of the South Dakota sex crime. Is there a distinction there between considering the facts on the fourth prong of the exact crime being used for the enhancement, as opposed to considering the bad history of this person more generally? The court should not consider the facts of the crime. That sounds to me like a substantive reasonableness analysis that the court would be affirming on the basis that it thinks that 27 months is appropriate because of the facts underlying the South Dakota conviction. I'm not asking about it as a policy matter. Is there case law to support that distinction, which has been suggested here? I would point the court to Rosales-Morales. I think Rosales-Morales tells this court how to apply the fourth prong analysis in the specific context of a guidelines calculation error, where there is a reasonable probability of a lower sentence on remand. The district court, as the court said in Rosales-Morales, is the court that should consider the facts underlying the South Dakota conviction and determine whether those facts, along with the correctly calculated guidelines, what is the appropriate sentence in this case. The particular facts underlying that prior conviction are not a reason for this court to deny relief on the fourth prong. That is what the court said in Rosales-Morales. There's also the Sanchez-Urvizu case where this even though the defendant had this prior conviction for Texas indecency of a child. The court in Rosales-Morales didn't explain what exactly it meant by countervailing factors, but based on the fact that it granted relief on the fourth prong in that case, we know what are not countervailing factors, which includes the guidelines overlapping, which they overlapped in that case, the sentence falling within both the correct and incorrect guidelines, which is what happened in that case, criminal history, recidivism, substantive reasonableness, all of those are not reasons for this court to deny relief on the fourth prong. And as this court has recognized in cases like Urbina-Fuentes and Sanchez-Urvizu, the Supreme Court expects relief to ordinarily be granted on the fourth prong and characterized as exceptional, this situation that we have here where a defendant might be serving a longer sentence in prison than otherwise the district court would find to be appropriate. And so for all of those reasons, the court should vacate in this case and remand for resentencing. All right, counsel. Thanks to you both for helping us understand this case a little better. And I'll take it under advisement.